IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY VINCENT STARITZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1926-D |
| | § | |
| LUPE VALDEZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Gregory Vincent Staritz, a Texas prisoner, against the Dallas County Sheriff's Department, unnamed "Dallas County Sheriff's Guards," and Sheriff Lupe Valdez. On October 18, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on November 22, 2006. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff was incarcerated in the Dallas County Jail from September 17, 2005 until March 22, 2006. During that time, plaintiff alleges that he was twice assaulted by other inmates. Plaintiff sustained a crushed cheek bone, a cut over his right eye, and numerous scrapes and bruises in the first assault. The second assault resulted in a head injury and permanent damage to his left eye. Plaintiff blames both assaults on Sheriff Valdez and unnamed guards who assigned him to a tank with younger, more violent offenders. In addition, plaintiff alleges that unidentified jail employees failed to provide adequate medical care for his injuries, retaliated against him for filing grievances, and illegally confiscated his mail and legal papers. By this suit, plaintiff seeks money damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>   (1)   is frivolous or malicious;
>
>   (2)   fails to state a claim upon which relief can be granted; or
>
>   (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability."  *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas County Sheriff's Department.  Federal courts in this district have uniformly held that entities without a separate jural existence are not subject to suit.  The Dallas County Sheriff's Department is not a separate legal entity having jural authority.  *See, e.g. Magnett v. Dallas Co. Sheriff's Dept.*, No. 3-96-CV-3191-BD, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (Kaplan, J.).

Nor can plaintiff sue unnamed "Dallas County Sheriff's Guards."  The federal rules make no provision for joining fictitious or "John Doe" defendants in an action under a federal statute.  *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997), *citing Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956).  Unless and until plaintiff is able to identify these guards, the court cannot direct service on the proper defendants.  *See Gray v. Thompson*, No. 3-01-CV-1190-K, 2002 WL 1544867 at *3 (N.D. Tex. Jul. 10, 2002) (Kaplan, J.).  Consequently, all claims against the Dallas County Sheriff's Department and the unnamed guards should be dismissed as frivolous.

C.

When warned of the non-jural status of the Dallas County Sheriff's Department, plaintiff responded that he wanted to assert a "*Monell* claim" against Dallas County, Texas.  (*See Spears* Quest. #5).  In order to establish liability against the County, plaintiff must show that the actions of jail officials resulted from an official policy or practice.  *Monell v. Dept. of Social Services of New*

*York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). However, isolated incidents are insufficient to show a custom or practice for purposes of section 1983 liability. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 113 S.Ct. 462 (1992).

Here, plaintiff does not identify any formal policy or persistent and widespread practice that was the "moving force" behind a constitutional violation. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 122 S.Ct. 53 (2001). Without facts to establish such a policy or practice, there is no basis for municipal liability under section 1983. *See Hill v. Dallas Co. Jail*, No. 3-05-CV-1342-M, 2006 WL 785496 at *2 (N.D. Tex. Mar. 28, 2006) (Kaplan, J.).

D.

That leaves plaintiff's claims against Sheriff Valdez. As a supervisor and elected official, Valdez is liable only if: (1) she affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that Valdez was not personally involved in any of the alleged constitutional deprivations made the basis of this suit. Instead, plaintiff maintains that the sheriff is ultimately responsible for the actions of her subordinates. (*See Spears* Quest. #4).[2] Likewise, plaintiff has not identified any unconstitutional policies implemented by Valdez. His

---

[2] To the extent plaintiff alleges that Valdez failed to properly investigate his grievances, such a claim is without an arguable basis in law. A prisoner does not have a federally protected liberty interest in having grievances investigated or resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

vague reference to unspecified jail "policies and practices" is insufficient to state a claim against Valdez in her individual capacity. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas Co. Sheriff's Dept.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE